# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL McGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-0705 (RJL) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Defendant District of Columbia, by and through undersigned counsel, moves to dismiss the Complaint because Plaintiff Samuel McGee failed to exhaust his administrative remedies. A memorandum of points and authorities in support of this motion and a proposed Order accompany it.

Because this motion is dispositive, LCvR 7.1(m) does not require prior consultation.

Dated: June 29, 2006            Respectfully submitted,

                                ROBERT J. SPAGNOLETTI
                                Attorney General for the District of Columbia

                                GEORGE C. VALENTINE
                                Deputy Attorney General
                                Civil Litigation Division

                                /s/ Kimberly Johnson
                                KIMBERLY MATTHEWS JOHNSON
                                Chief, General Litigation I
                                D.C. Bar No. 435163

/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL McGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-0705 (RJL) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

### I.  INTRODUCTION

The District of Columbia respectfully requests that the Court dismiss this Title VII Complaint because Plaintiff Samuel McGee did not exhaust his administrative remedies.  In particular, the right-to-sue notice upon which he bases his claims is ineffective for two reasons.  First, the notice was issued by the Department of Justice even though the ground for authorizing a suit is the EEOC's purported inability to investigate.  When a charge is dismissed without a finding of reasonable cause, only the EEOC has authority to issue a right to sue letter. Dougherty v. Barry, 869 F.2d 605, 612 (D.C. Cir. 1989).  Second, even if the EEOC had issued the notice, the notice was issued before the expiration of the mandatory 180-day waiting period imposed by Title VII.  Martini v. Fannie Mae, 178 F.3d 1336, 1348 (D.C. Cir. 1999), cert. dismissed 528 U.S. 1147 (2000).  Early issuance of a right to sue notice requires dismissal of the complaint.  Id.

3

## II. STATEMENT OF FACTS

Because this is a motion to dismiss, this statement of facts accepts the well-pleaded allegations of the Complaint as true. In addition, pursuant to Fed. R. Civ. P. 10(c), the Complaint is deemed to include any documents referred in the Complaint and form an integral part of it. Phillips v. Bureau of Prisons, 591 F.2d 966, 969 (D.C. Cir. 1979) (incorporating Bureau of Prisons letter referenced in the complaint). The Court may also refer to matters of public record. Id.

McGee alleges that he was party to a predetermination settlement agreement (hereinafter, "PDS") of a charge of discrimination filed with the EEOC. See Complaint, ¶ 2. The settled charge was No. 100-2005-00702. A settlement was reached without a cause determination having been made. See Exhibit 1 (Settlement Agreement). One term of the agreement was that MPD would not retaliate against McGee for having filed Charge No. 100-2005-00702. Id.

Construed broadly, the Complaint then alleges that the MPD did retaliate against McGee in violation of Title VII. Complaint, ¶ 5. The Complaint also appears to allege a "pattern of discrimination" including the incident that was the subject of the original charge. Id. In response to the alleged discrimination/retaliation, McGee filed another charge on October 6, 2005. See Exhibit 2. That charge is No. 100-2006-00039. The charge alleges that breaching the settlement agreement among other things is an unlawful employment practice under Title VII. Department of Justice issued what purports to be a right-to-sue letter 133 days later on February 15, 2006. See Exhibit 3;[1] Complaint, ¶ 3.

---

[1] The copy of Exhibit 3 that is attached is of the same poor quality as the copy in Defendant's possession.

### III.   ARGUMENT

"There are two statutory prerequisites to bringing an action under Title VII: (1) timely filing of charges with the EEOC; and (2) receipt of a notice of right to sue from the EEOC and acting upon it in a timely manner." Singletary v. D.C., 225 F. Supp. 2d 43, 60 (D.D.C. 2002), affirmed in part, reversed in part on other grnds., Singletary v. District of Columbia, 351 F.3d 519 (D.C. Cir. 2003).  A right to sue notice that is issued within 180-days of the charge is ineffective to authorize a lawsuit and any suit brought pursuant to such notice should be dismissed.  Martini v. Fannie Mae, 178 F.3d 1336, 1348 (D.C. Cir. 1999), cert dismissed 528 U.S. 1147 (2000).  Moreover, the EEOC has sole authority to issue right to sue notices in cases involving public entities when there has been either no determination of cause or it makes a determination that there is no reasonable cause to believe that discrimination occurred. Dougherty v. Barry, 869 F.2d 605, 612 (D.C. Cir. 1989).

In this case, McGee has not exhausted his administrative remedies.  First, in violation of the rule articulated by the D.C. Circuit in Martini,[2] the right to sue notice with respect to the current charge was issued prematurely.  According to the Complaint and documents referenced therein, the current charge was filed on October 6, 2005. The right to sue notice was issued 133 days later on February 15, 2006.  However, as a matter of law, a premature right to sue notice is

---

[2]   The District would note, however, that other circuits have disagreed with this Circuit's result in Martini.  The Martini opinion itself discusses this contrary authority.  Martini, 178 F.3d at 1341.  After Martini, the Tenth Circuit took a contrary view.  Walker v. UPS, 240 F.3d 1268 (10th Cir. 2001)

5

insufficient to authorize a lawsuit under Title VII. Martini, 178 F.3d at 1348. The Complaint should be dismissed for this reason alone.[3]

The Complaint should be dismissed for another reason. The right to sue notice was issued by the Department of Justice. See Complaint, ¶ 3. The DOJ notice states that the decision to issue the notice was based on the EEOC's determination "that it will not be able to investigate and conciliate the charge within 180 days of the date the Commission assumed jurisdiction." See Exhibit 3. The EEOC therefore did not make a reasonable cause finding or a finding that there was no reasonable cause. In such circumstances, the EEOC has the sole authority to issue a right to sue notice. As the D.C. Circuit stated,

> [T]he statutory language and structure contemplate that the Commission will issue right to sue notices in cases involving a governmental unit when it does not find probable cause. The Attorney General will issue such notices only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action.

Dougherty v. Barry, 869 F.2d 605, 611-612 (D.C. Cir. 1989). This allocation of responsibilities is also established by regulation. 29 C.F.R. 1601.28 (d). Under Dougherty, the notice received by McGee is invalid because the DOJ had no authority to issue it. Such an invalid notice does not permit the filing of a lawsuit. Dougherty, 869 F.2d at 611 (improper issuance of DOJ right to sue notice did not revive improvidently dismissed charge).

---

[3] It may be that McGee intends to allege a breach of contract action for an alleged violation of the predetermination settlement agreement in question. When courts have considered the precise question presented here – is exhaustion required when a party to a predetermination settlement agreement wishes to sue in federal court –, the conclusion has been that exhaustion is required, especially if the alleged breach of the agreement would amount to a circumvention of the administrative process. See EEOC v. Pierce Packing Co., 669 F.2d 605, 608 (9th Cir. 1982); but cf. Sherman v. Standard Rate Data Service, Inc., 709 F. Supp. 1433, 1440 (N.D. Ill. 1989). It does not appear that the D.C. Circuit has ruled on this issue. The Court should therefore follow Pierce Packing and require exhaustion even if breach of a settlement agreement is being pleaded separately.

6

McGee has not exhausted his administrative remedies and may not maintain this action. His right to sue notice was issued prematurely by the wrong entity. Controlling authority in this Circuit establishes that either of these reasons independently supports dismissal of the Complaint. As the Supreme Court has noted in applying Title VII's procedural requirements, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, [447 U.S. 807, 826](#) (1980). The Court should therefore dismiss this action.

Dated: June 29, 2006                   Respectfully submitted,

                                                  ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


       /s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163


/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

Case 1:06-cv-00705-RJL   Document 4   Filed 06/29/2006   Page 8 of 10

8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL McGEE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0705 (RJL) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

## ORDER

Having considered Defendant's Motion To Dismiss, the memorandum of points and authorities in support, Plaintiff's Opposition, Defendant's Reply, if any, and the entire record herein, it is, this ____ day of ____, 2006:

ORDERED:   that Defendant's Motion to Dismiss shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED:     that the Complaint shall be, and hereby is, DISMISSED.

_____
Richard J. Leon
United States District Judge

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001

Sol Z. Rozen, Esq.
2501 Calvert Street, N.W.
No. 212
Washington, D.C.  20008