UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

SEP 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SAMUEL C. McGEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 06cv705 ( RJL) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION
(September 9th, 2006) [# 4]

Plaintiff, Samuel McGee ("plaintiff"), an employee of the District of Columbia Metropolitan Police Department ("defendant"), alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000(e) *et seq.* Currently before this Court is defendant's Motion to Dismiss.

Upon consideration of the defendant's motion and the entire record herein, the Court GRANTS defendant's Motion to Dismiss.

### BACKGROUND

Plaintiff, an African American employee of the Metropolitan Police Department, filed the Complaint in this action on April 19, 2006. In his Complaint, he alleges that in the aftermath of prior discrimination claims, which were settled on May 10, 2005, the defendant "commenced a continuing pattern of retaliation directed toward [him as a result of] his

participation in protected activity." (*Compl.* ¶ 3.) On October 6, 2005, plaintiff filed a charge on the basis of these claims with the D.C. Office of Human Rights ("DCOHR"). (*Id.* ¶ 3; Def. Mot. Dismiss Ex. 2 at 1.) On February 15, 2006, plaintiff received a letter from the Civil Rights Division of the U.S. Department of Justice ("DOJ") informing plaintiff that he had "the right to institute a civil action under Title VII." (Compl. ¶ 3; Def. Mot. Dismiss Ex. 3 at 1.)

## DISCUSSION

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A district court should grant a defendant's 12(b)(6) motion to dismiss when it is clear that no relief could result under any facts consistent with the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, in evaluating defendant's motion, the Court will assume the truth of all of the factual allegations set forth in plaintiff's Complaint. *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). The Court will also construe the Complaint liberally in favor of the plaintiff. *Schuler v. U.S.*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citing *Conley*, 355 U.S. at 45-46).

Generally, there are two prerequisites to maintaining a Title VII claim in a district court: a plaintiff must timely file a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), and he must receive from the EEOC a right to sue letter before filing a civil complaint. *See* 42 U.S.C. § 2000(e); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36,

47 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). The requirement that a plaintiff first pursue employment discrimination claims at the EEOC prior to filing a civil action in a federal court serves two important purposes: notice to the employer of claims of discrimination against it, and a narrowing of the issues for prompt adjudication and decision. *See Laffey v. Nw. Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976).

In this case, plaintiff's claims must be dismissed because he has not exhausted his administrative remedies, namely, that he has participated in the EEOC process up to the point of the issuance of an appropriate right to sue letter by the EEOC. *Jones v. District of Columbia*, 273 F. Supp. 2d 61, 64 (D.D.C. 2003) (dismissing Title VII claims because plaintiffs failed to present proper right to sue letters, and, thus, failed to make a showing of administrative exhaustion). Simply stated, plaintiff's offer of a purported "right to sue letter" from the DOJ on February 15, 2005 is insufficient to demonstrate that he has fulfilled the necessary administrative prerequisites.

First, plaintiff prematurely requested his right to sue letter prior to the expiration of the statutory 180 day minimum for the filing of his charge. (*See* Def. Mot. Dismiss Ex. 2 at 1, Ex. 3 at 1.) Indeed, our Circuit has specifically held that Title VII requires a complainant to wait the full 180 days after filing charges with the EEOC before requesting a right to sue letter in order to give the EEOC time to act to "informally resolve as many charges as possible." *Martini v. Fannie Mae*, 178 F.3d 1336, 1347, 1348 (D.C. Cir. 1999); *Thompson v. Jasas Corp.*, 212 F. Supp. 2d 21, 28 (D.D.C. 2002) (relying on *Martini* to dismiss

plaintiff's claim where the "EEOC stopped processing plaintiff's charge after it had been pending for only 48 days" when plaintiff requested an early right to sue letter).

Second, plaintiff's supposed letter is defective because it was issued by the DOJ, not the EEOC. (Def. Mot. Dismiss Ex. 3 at 1.) Once again, our Circuit has specifically addressed this problem by noting that such letters are ineffectual because the DOJ does not have authority to issue a right to sue notice in these circumstances. *Dougherty v. Barry*, 869 F.2d 605, 612 (D.C. Cir. 1989) (holding that the EEOC, as opposed to the DOJ, must issue right to sue notices in cases involving governmental units when it finds no probable cause, and that improper issuance of a right to sue notice by the DOJ did not bestow any right to sue upon the plaintiff). Thus, even if plaintiff's right to sue letter had been timely, because it was issued by the inappropriate agency, it does not bestow any right to sue upon plaintiff. Accordingly, for the above reasons, this Court concludes that plaintiff has failed to exhaust his administrative remedies with respect to his claims for retaliation and discrimination under Title VII of the Civil Rights Act of 1964. Thus, Defendant's Motion to Dismiss is GRANTED. An appropriate Order will issue with this Memorandum Opinion.