United States District Court
for the District of Columbia

Samuel C. McGee

    V.                                      Civil Action No. 1:06 cv00705(RJL)

The District of Columbia

<u>Motion to Vacate Judgment</u>

    The plaintiff moves this Court for an order, pursuant to rule 60(b) of the rules of Civil Procedure, on the grounds that the judgment was entered based on mistake, fraud and newly discovered evidence which justifies the court vacating judgment entered in this case for the defendant. In support it is alleged as follows;

    1) The plaintiff filed a lawsuit against the defendant alleging that he was retaliated against because of his race in violation of Title VII of the Civil Rights Act of 1964,42 U.S.C. 2000(e) et seq. as amended and other statutes. The lawsuit was filed on April 19,2006 which was 195 days after he filed his formal complaint with the EEOC alleging racial discrimination..The formal charge was filed on October 6,2005 and is attached to the motion.

    2) On June 29,2006,the defendant filed a motion to dismiss for failure to exhaust administrative remedies. On September 9,2006, the Court issued a final judgment dismissing the complaint. The lawsuit was timely filed based upon the fact that more than 180 days had passed since the filing of a charge of discrimination (see 42 U.S.C. 2000e(5)(b),(e)(f).The Department of Justice and the EEOC misled the plaintiff as to when he could file a civil action in the United States District Court(see attached letters).Moreover ,the undersigned has requested a right to sue letter but has not received any responses as yet. The letter from the director of the EEOC,

attached hereto, indicates that the Court was in error in interpreting the code of federal regulations as to when a right to sue can issue .thus necessitating vacating the judgment entered in this case.

3) The attention of the Court is directed to the recent decision in the case of Brownv.Tomlinson, 462 F Supp 2nd 16(D.DC,2006) where the court noted that an individual has exhausted his administrative remedies when he decides to proceed to court after 180 days has passed and there is no resolution of his case.(see 29 C.F. R. 1614.407) and 42 U.S.C. 2000(e)-16(c).Saksenasingh v. Sec'y of Educ. , 126 F3rd 347,350-51(D.C. Circ. 1997);Wilson v. Pena, 79 F3rd 154,166(D.C. Circ. 1996).

4) The office of the Attorney general misled the Court by alleging that the lawsuit was premature because of the erroneously issued right to sue letter by the Department of Justice. The lawsuit was filed in a timely manner after the 180 day period for investigation *and* . the right to sue letter issued by the Department of Justice. The mere fact that the 180 day period had passed would be sufficient to give the Court jurisdiction to hear the case.

5) It is prayed that the Court grant the motion so that the plaintiff will not have to expend sums to refile the same lawsuit and have the expense of service of process. Equity demands that because of the error by the Department of Justice and the Office of the Attorney General, the plaintiff should not suffer additional financial costs.

**WHEREFORE,** it is prayed that the motion is granted.

_____
Sol Z. Rosen #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

The Certificate of Service

    I certify that a copy of the above has been served on the office of the Attorney General by ECF on April 24, 2007.

_____
Sol Z. Rosen Esq.