| CHARGE OF DISCRIMINATION<br>This form is affected by (he Privacy Act of 1974. See enclosed Privacy Act Statement and other inlomation before completing this form | Charge Presented To:<br>11  FEPA fl<br>EEOC | Agancy(ies) Charge No(s):<br><br>100-2006-00039 |
|---|---|---|
| | **D.C. Office Of Human Rights**<br>*State orjocsl Agency, i/any* | and EEOC |

| Name (Indicate Mr., Ms,, Mrs.)<br>**Mr. Samuel C. Mcgee** | Homa Ptiona No. /met Area Cotta;<br>(410) 551-8491 | Dale of Birth<br>05-09-1968 |
|---|---|---|
| Street Address<br>**7707 Arognaut Street, Severn, MD 21144** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or Stala or Local Government Agency Thai I Believe Discriminated Against Me or Others, *(if more than two, list under PARTICULARS below.)*

| Name<br>**METROPOLITIAN POLICE DEPT.** | No. employees, Memban<br>500 or More | Pfwne No. (Include Area Code)<br>**(202)727-4218** |
|---|---|---|
| Street Address<br>**300 Indiana Ave., N.W., Washington, DC 20001** | City. Stats and ZIP Coda | |
| Name | Ha. Employees, | Phona No. lInclude Area Coifa) |
| Street Address | City, Slate and ZIP Code | |

DISCRIMINATION BASED ON *(Cheek appropriste boxtes).}*

| RACE  COLOR  [X] SEX  RELIGION  hiATIONAL  | DATE'S) DISCRIMINATION TOOK PLACE |
|---|---|
| [X] AGE  [ ] DISABILITY  OTHER  RETALIATION | Eartiesl: 10-06-2005   Latesf: 10-06-2005 |

THE PARTICULARS ARE *(If additional paper Is needed, altacfi extra siieBtis»:*

**I.** In May 2005, 1 filed a Charge of Discrimination against my employer, the Metropolitan Police Department, In June 2005, 1 entered into a settlement agreement with my employer. Since that time, I have been harassed by Lieutenant Jeffrey Parker. While I was on vacation, Mr. Parker changed my work schedule without providing me with a 14-day notice, as It states in the bargaining unit agreement. The Bargaining Unit agreement further states that the employees with the lowest seniority will be first for such changes. I complained to the Fraternal Order of Police and the action was reversed. On August 24, 2005, 1 was served with a Dereliction Report for violation of Special Order 02-06. I signed the notice on August 24, 2005. On October 6, 2005, 1 was informed by Sergeant Boone that Commantter Anzulla wanted to serve me with a higher level of discipline for the incident that I had djreadjiieertdlsclplinad for on August 24, 2005.

x,-..   3

**II.** No reason has been given to me for the harassment

1 CONTINUING ACTION

**III.** I believe that I am being retaliated against for my filing a Charge of Discrimination Jft May 2005 against the Metropolitan Police Department, in violation of Title VII, of the Civil RfgfttsuAct of 1964, as amended.

o   tn   ^

| want thrs charge filed with both lhe EEOC and the Stata or local Agency, if any. I *till* dvise the agencies If I change my address cr phone number and i wll cooperate fully M them in the processing *of* my charge in accordance with lheir procedures. | NOTARY - *When necessary tor State and Local Agency Requirements* |
|---|---|



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington **Field Office**

1801 LStreet,N. W.,Suite 100
Washington, D. C. 20507
(202)419-0700
TTY (202) 419-0702
FAX (202) 419-0740

**Dana R. Mutter**
**Director (202)**
**419-0734**

September 29, 2006

Sol Zalel Rosen
Attorney at Law
2501 Calvert Street NW, #212
Washington, DC  20008

Re: <u>McGee v. District of Columbia. Metropolitan Police Department</u>
    EEOC Charge No. 100-2006-00039

Dear Mr. Rosen:

This letter responds to yours of September 12, 2006, in which you enclosed a copy of the September 9 Final Judgment and Memorandum Opinion issued by Judge Leon. 1 understand that the Judgment and Opinion were issued in a lawsuit filed on behalf of your client, Samuel McGcc, and that this lawsuit was based on the above-referenced EEOC Charge of Discrimination.

The Notice of Right to Sue that Mr. McGcc received on February 15, 2006 was issued in error because when issued, Mr. McGee's Charge had not been pending with the EEOC for a period of at least 180 days, a requirement under the law applicable to such lawsuits arising in the District of Columbia. The Notice of Right to Sue requested by Mr. McGec was issued by the United States Department of Justice at the request of our office. That Notice of Right to Sue was thus issued in error. Please accept my apology for this mistake.

In light of the Court's September 9 decision, we consider the Notice of Right to Sue issued by the Department of Justice to have no effect, and the case to have been re-opened by our office effective September 9, 2006.   Mr. McGcc may request a notice of right to sue after his Charge has been pending in our office for a period of 180 days or more, excluding the period from the date the erroneous Notice of Right to Sue was issued through September 9 when we re-opened his case. In that event, please so advise our office in writing, and we will transmit the request to the Department of Justice so that it can issue the notice.

Finally, you have asked us to clarify the requirements for issuance of notices of right to sue in cases, like yours, involving governmental entities as employers. As page 4 of the Court's September 9 Memorandum Opinion states, the EEOC is to issue the notice of right to sue when it makes a "not reasonable cause" finding and dismisses the charge. <u>See</u> EEOC Regulations codified at 29 C.F.R. §1601.28(d). In all other instances, including when the notice of right to sue has been requested by the charging parly, the Department of Justice must issue the notice of

righttosue. 29C.F.R. §1601.28(d)(2). I therefore believe that the Court's September 9 Memorandum Opinion is not correct in this respect because it does not draw the distinction between a notice of right to sue issued upon request and one issued after dismissal by the EEOC.

Once again, I hope you will excuse our error in causing the notice of right to sue to be issued prematurely. If we can be of any further assistance in this matter, please let us know.

Sincerely,

Dana R. Hutter

cc: Department of Justice
    Civil Rights Division
    Employment Litigation Section, PHB
    950 Pennsylvania Avenue, N.W.
    ATTN: Karen Ferguson, Room 4239
    Washington, DC  20530

TELEPHONE  (202) 296-848$  
(202)462-1887  
FAX    (2021 296-9375

**SOL ZALEL ROSEN**  
ATTORNEY AT LAW

2501 **Catvert ST.** N.W. #212  
**Washington D.C. 20008**

D.C. BAR  
NEW YORK BAR  
VIRGINIA BAR

October 8,2006

Dana R. Hunter, Director  
EEOC  
Washington, Field office  
1801 L Street NW, Suite 100  
Washington, D.C. 20507

Dear Ms. Hunter;

In reference to the enclosed letter regarding Mr. Samuel McGee in EEOC Charge No. 100-2006-00039,please be advised that my client wishes aright to sue letters as soon as the one hundred eighty periods have expired from the filing of his complaint with the agency so that we might have his lawsuit reinstated appropriately.

Sol Z. Rosen Esq.

Very truly yours,