UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL C. MCGEE, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:06 cv00705 (RJL) ) |
| DISTRICT OF COLUMBIA, | ) ) |
| Defendant. | ) ) |

### DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

Defendant, the District of Columbia ("the District"), by and through the undersigned counsel, herein opposes Plaintiff's Motion to Vacate Judgment, filed on or about April 25, 2007, in the captioned matter, and states as follows:

### I.   Background

Plaintiff filed the above-captioned case against the District of Columbia on April 19, 2006. *See* Docket Entry #1. On June 29, 2006, the District moved to dismiss plaintiff's case because he failed to exhaust his administrative remedies. *See* Docket Entry #4. On September 9, 2006, the Court granted the District's motion, and issued a Memorandum and Opinion ("Opinion") stating its rationale for dismissing this case. In relevant part, the Opinion states:

> [P]laintiff's claims must be dismissed because he has not exhausted his administrative remedies, namely … the issuance of an appropriate right to sue letter by the EEOC (citation omitted).… First, plaintiff prematurely requested his right to sue letter prior to the expiration of the statutory 180 day minimum for the filing of his charge.… Second,

> plaintiff's supposed letter is defective because it was issued by the DOJ, not the EEOC….

Opinion at 3-4.

Plaintiff now moves to vacate the September 9, 2006 judgment on the grounds that the Opinion was based on mistake and fraud, and there is newly discovered evidence justifying relief under F.R.Civ. P. 60 (b).

**II.    Argument**

Rule 60(b) provides that a motion for relief from judgment or order "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  In his Motion, Plaintiff avers that there was a mistake in the judgment, newly discovered evidence was found, and/or that the District committed fraud in procuring the judgment.  *See* Motion, generally.  However, Plaintiff has proffered no evidence for any claim regarding mistake, fraud, newly discovered evidence or any other factor set forth in Rule 60(b) that would support the relief sought in his Motion.  As set forth below, Plaintiff's assertions are without merit.  Therefore, the Court's September 9, 2006, Order must stand.

**A.    Plaintiff May Not Maintain This Lawsuit Because He Did Not Receive a Right to Sue Letter Prior to Filing Suit**

There are two prerequisites to filing a case under Title VII against the District: 1) the timely filing of a charge with the EEOC or a state agency, and 2) **receipt of a notice of right to sue from the EEOC and acting upon it in a timely manner** (emphasis added).  *See generally* 42 U.S.C. § 2000e; *see Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974); *Kennedy v. Whitehurst,* 690 F.2d 951, 961 (D.C. Cir. 1982); *Jones v. District of Columbia,* 273 F. Supp.2d 61, 64 (D.D.C. 2003).

Receipt of a right to sue letter prior to filing suit is required for District of Columbia employees. In *Jones, supra,* a case filed against the District under Title VII, this Court dismissed the lawsuit of several plaintiffs because they did not receive right to sue letters prior to filing their court action against the District. *Jones, supra,* 273 F. Supp.2d at 64. Because Plaintiff herein did not receive a proper and timely issued right to sue letter prior to filing suit, he has failed to exhaust his administrative remedies, and the District is entitled to dismissal of this lawsuit.

Plaintiff makes several contentions regarding an effective right to sue letter in his case. Plaintiff cites *Brown v. Tomlinson,* 462 F. Supp.2d 16 (D.D.C. 2006), and 29 C.F.R. §1614.407 in support of his argument that he was not required to exhaust his administrative remedies. Plaintiff's argument is misguided. In *Brown, supra*, a plaintiff employed by the federal government filed an administrative complaint against a federal agency based on a 1996 complaint including race and retaliation claims. The Court found that plaintiff had exhausted his administrative remedies because the requisite 180 days had elapsed between his filing of his initial complaint against defendant federal employer and his withdrawal from the administrative proceeding before any decision on the merits had been made.

Both *Brown, supra* and 29 C.F.R. § 1614.407 establish filing procedures and deadlines for <u>federal</u> employees. In this case, Plaintiff is a District employee. Accordingly, Plaintiff's reliance on the citations raised is incorrect, and his Title VII case was, therefore, properly dismissed.

**WHEREFORE**, defendant District of Columbia prays that this Court deny the instant Motion to Vacate Judgment.

Date: May 9, 2007           Respectfully submitted,

                                            LINDA SINGER
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

_____/s/_____
MICHELLE DAVY, #454524
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W., 6th Floor-South
Washington, D.C. 20001
Telephone (202) 724-6594; (202) 727-6295
Fax (202) 727-3625
Email michelle.davy@dc.gov